Battle, J.
 

 The record does not state the ground upon which his Honor, in the Court below, refused to order the defendant into custody upon plaintiff’s motion. It has been suggested in the argument here, that he did not deem the affidavit, filed on behalf of the plaintiff, to be sufficient under the act of 1844, chap. 31, (see Eev. Code, cli. 59, sec. 19,) because, after stating the affiant’s belief, that the defendant had not property sufficient to satisfy the judgment, which can be reached by a
 
 fieri facias”
 
 it did not add his belief, that the defendant did have “ property, money or effects, which cannot be reached by a
 
 fieri
 
 facias.” That may be so, and yet the Judge’s decision was wrong, because the act specifies three things, any one of which, if sworn to, will authorise the issuing of a
 
 capias ad satisfaciendum,
 
 and of course a com
 
 *327
 
 mitment into custody. The first is, that which has been mentioned ; a second is, that the defendant has fraudulently concealed his property, money or effects ; and the third is, that he “ is about to remove from the State.” This was expressly decided in the case of
 
 Maxwell
 
 v.
 
 Walk,
 
 8 Ire. Rep. 517; and as the affidavit of the plaintiff’s agent, in the present case, stated that the defendant was about to remove from the State, the Judge ought, upon the plaintiff’s motion, to have made the order for committing the defendant, who had been surrendered in open court by his bail, into the custody of the sheriff; his refusal to make the order was error, for which the interlocutory order, from which the appeal was taken, must be reversed, and a certificate to that effect must be certified to the Court below.
 

 Pee CueiaM, Judgment reversed.